The Johnson Law Group, LLC
William C. Johnson, Jr., Esq.
Fed. Bar No.: 470314
6305 Ivy Lane, Suite 630
Greenbelt, Maryland 20770
(301) 477-3450
Fax (301) 477-4813
William@JohnsonLG.Law

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | ) | |
| 1416 EASTERN AVE NE LLC | ) | **Case No. 24-180-ELG** |
| 945 LONGFELLOW ST NW LLC | ) | **Case No. 24-181-ELG** |
| 2501 NAYLOR RD SE LLC | ) | **Case No. 24-182-ELG** |
| 4303-13 WHEELER RD SE LLC | ) | **Case No. 24-183-ELG** |
| 4263 6TH ST SE APARTMENTS LLC | ) | **Case No. 24-184-ELG** |
| 4935 NHB AVE NE LLC | ) | **Case No. 24-185-ELG** |
| 3968 MLK LLC | ) | **Case No. 24-186-ELG** |
| 4010 9TH ST SE LLC | ) | **Case No. 24-187-ELG** |
| 2440 S ST SE LLC | ) | **Case No. 24-188-ELG** |
| 4400 HUNT PL NE LLC | ) | **Case No. 24-189-ELG** |
| | ) | |
| Debtor. | ) | **Chapter 11** |
| | ) | |
| | ) | **(NOT JOINTLY** |
| | ) | **ADMINISTERED)** |
| | ) | |

**DEBTOR'S OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO DIRECT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a) OR, IN THE ALTERNATIVE, TO CONVERT CHAPTER 11 CASES**

**COMES NOW** the Debtor, by and through undersigned counsel, hereby files its Opposition to the United States Trustee's Motion to Direct the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) or, in the alternative, to convert Chapter 11 cases. In support thereof, the Debtor states as follows:

**RELEVANT BACKGROUND**

1. The debtor's bankruptcy case commenced May 29, 2024, under Chapter 11 of the United States Bankruptcy Code.

1

2. The debtor's representative commenced a total of ten (10) Chapter 11 cases involving distressed multi-family housing properties identified under the instant caption as not being "Consolidated.".

3. On May 31, 2024, the debtor filed a Verified Motion (i) To Sell Eponymous Real Property; and (ii) For Authority – Bot Not Obligation – to Assume and Assign all Leases and Executory Contracts. *See Movant's Motion. Para 20.*

4. The debtor filed, and was granted, a motion to expedite the hearing.

5. The hearing of the Sale Motion was heard on June 4, 2024, however, the debtor withdrew its motion before the Court could render a decision on the sales motion.

**REQUESTED RELIEF**

6. Deny the United States Trustee's Motion to Direct the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) or, in the alternative, to convert Chapter 11 cases.

**ARGUMENT**

7. The instant motion is premature given the status of the case and therefore not yet ripe for the U.S. Trustee to seek the appointment of a Chapter 11 Trustee.

8. The U.S. Bankruptcy Code, 11 USC § 1104(a)(1) provides, in pertinent part, the following:

> **(a)** At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee--
>> **(1)** for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;

11 USC § 1104(a)(1).

9. However, 11 USC § 1104(a)(1) when tempered with 11 USC § 1104(e), places limiting instruction upon when the U.S. Trustee can seek the appointment of a Chapter 11 Trustee.
10. The U.S. Bankruptcy Code further provides under 11 USC § 1104(e) the following:

> **(e)** The United States trustee shall move for the appointment of a trustee under subsection (a) if there are reasonable grounds to suspect that current members of the governing body of the debtor, the debtor's chief executive or chief financial officer, or members of the governing body who selected the debtor's chief executive or chief financial officer, participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor or the debtor's public financial reporting.
>
> 11 USC § 1104(e).

11. In the instant matter, the Court did not have an opportunity to render a determination as to the debtor's sale motion due to its withdrawal.
12. Whatever the reason for the withdrawal, a finding of "dishonesty" was not made by the Court and "Cause" should not be inferred due to a potential discombobulation of the testimony elicited from the debtor's principal.
13. Appropriateness of decision to appoint reorganization trustee under the Code turns upon whether there is sufficient showing of cause, including incompetence or gross mismanagement of affairs of debtor by current management, either before or after commencement of case, or in alternative a showing that appointment would be in best interest of creditors and estate. In re Garland Corp., 1st Cir.BAP (Mass.) 1980, 6 B.R. 456.
14. The Bankruptcy Code does not define the term "cause." Courts must determine what constitutes "cause" on a case-by-case basis. *In re EquiMed, Inc.,* 267 B.R. 530, 532 (D.Md.2001).

15. At this juncture "Cause" cannot be inferred nor can dishonesty be imputed to the debtor's principal as it does not relate to the management of debtor as required by 11 USC § 1104(e).

16. An aborted Sales motion hardly gives rise to "Cause" six (6) days into the commencement of the Chapter 11 case.

**BEST INTERESTS OF THE CREDITORS**

17. The best interests of the creditors would require the liquidation of the debtor's assets in full and complete satisfaction.

18. Determination of whether appointment of Chapter 11 trustee is in interests of creditors and estate entails exercise of spectrum of discretionary powers and equitable considerations; therefore, courts must determine on case-by-case basis whether circumstances of each bankruptcy requires appointment of trustee. *Petit v. New England Mortg. Services Inc*., D.Me.1995, 182 B.R. 64.

19. In the instant matter the debtor is seeking to sell the real property which comprises the bulk of the assets of the estate.

20. There is a strong likelihood the debtor will file a liquidation plan within the required time frame.

21. The debtor has filed an application to employ a realtor to assist with the sales process.

22. It is the debtor's plan to utilize market factors to a create an auction for the highest and best price for the real property.

**UNUSUAL CIRCUMSTANCES PREVENT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

23. Finally, § 1112(b)(1) itself permits the court to deny dismissal based on "unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate.

24. As previously discussed, the debtor filed the instant action on May 29, 2024. The aborted sales motion occurred six (6) days after the Orde for relief.

25. The debtor retained new counsel of June 27, 2024, and has made marked improvements in its compliance efforts with the United States Trustee's Office.

## **CONCLUSION**

26. The incidents that occurred in the early days of the case have been remediated and the process to procure sales of the real property have commenced.

27. The debtor is well positioned to file its Liquidation Plan.

28. The United States Trustee's Motion to Direct the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) or, in the alternative, to convert Chapter 11 cases must be denied.

**WHEREFORE** the Debtor prays this honorable Court:

a. Denies the United States Trustee's Motion to Direct the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) or, in the alternative, to convert Chapter 11 cases,

b. Grants any relief deemed necessary and proper.

July 10, 2024  /s/ *William C. Johnson, Jr., Esq*
The Johnson Law Group, LLC
William C. Johnson, Jr., Esq.
Fed. Bar No.: 470314
6305 Ivy Lane, Suite 630
Greenbelt, Maryland 20770
(301) 477-3450
Fax (301) 477-4813
William@JohnsonLG.Law

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** I hereby certify that on July 10, 2024, a true and correct copy of the foregoing Notice of Appearance and Request for Notices was served (i) via the CM/ECF on all counsel of record receiving notice in this case, and (ii) by U.S. mail, first class, postage prepaid, and, where indicated, e-mail, upon the following:

Kristen S. Eustis
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
Kristen.S.Eustis@usdoj.gov

July 10, 2024                                          /s/ William C. Johnson, Jr., Esq
                                                       The Johnson Law Group, LLC